[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-11483
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 9, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00366-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MONIQUE SHERREE WHEAT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 9, 2006)**

Before BIRCH and MARCUS,  Circuit Judges, and NANGLE[*], District Judge.

PER CURIAM:

_____

[*]Honorable John F. Nangle, United States District Judge for the Eastern District of
Missouri, sitting by designation.

On appeal, Wheat raises the following issues: (1) whether the evidence was sufficient to prove, beyond a reasonable doubt, Wheat's guilt of conspiracy and possession of document making implements with intent to produce false identification documents; (2) whether Wheat's right to a fair trial was violated by the admission of evidence regarding nonpayment of state sales tax and federal and state income taxes; (3) whether taking judicial notice and the admission of testimony regarding state law concerning false identification documents constituted prejudicial error; (4) whether admission of testimony regarding purported profit margins was prejudicial error; (5) whether Wheat's right to a fair trial was violated by the jury instructions regarding intent and Counts 5 and 7; (6) whether Wheat's right to a fair trial was violated by failing to include her proposed jury instructions as to her theory of the case; (7) whether application of the "role in the offense" or "criminal livelihood" enhancements were proper in light of United States v. Booker, 453 U.S. 220, 125 S. Ct. 738, 749 (2005); (8) whether the federal statute regarding false identification documents, 18 U.S.C. § 1028, is facially overbroad or vague; and (9) whether the "criminal livelihood" enhancement, U.S.S.G. § 4B1.3, is vague either facially or as applied to Wheat.

After careful consideration of the record and the parties' briefs, and having entertained oral argument, we discern no error in the judgment and rulings of the district court, and, accordingly, we **AFFIRM**.